# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK DUNKER, | Case No. 0:19-cv-446-WMW-KMM |
| Plaintiff, | |
| v. | |
| PAUL SCHNELL; TONY LOUREY; NANCY JOHNSTON; KEITH ELLISON, Minnesota Attorney General; KELY LYN MITCHELL, Executive Director of the Minnesota Sentencing Commission; and JANE/JOHN DOES, in their official capacities; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Mark Dunker was one of fourteen individuals detained at the Minnesota Sex Offender Program facility in Moose Lake, Minnesota ("MSOP"), who originally commenced a collective lawsuit in 2018. Case No. 18-cv-3255 (DWF/LIB). That original case was severed into fourteen separate actions by a February 25, 2019 Order, which was signed by United States District Judge Donovan W. Frank. Judge Frank required each of the plaintiffs to the original lawsuit, including Mr. Dunker, to replead their own individual claims by filing amended pleadings in the newly created court files. ECF No. 2. On February 27, 2019, this Court Ordered Mr. Dunker to file an amended complaint, and he complied with that instruction on April 5, 2019. ECF No. 3; Am. Compl., ECF No. 4. This matter is now before the Court on the defendants' motion to dismiss, which is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Mot. to Dismiss, ECF No. 14. For the reasons that follow, the Court concludes that the motion to dismiss should be granted.

1

## I. The Amended Complaint

In 1994, Mr. Dunker was convicted of sexually abusing his daughter. He was convicted again of second-degree criminal sexual conduct in 1995 and first-degree criminal sexual conduct in 1998. Am. Compl. ¶ 47. As a result of those convictions, and because he is civilly committed to MSOP, he is required to register as a predatory offender under Minnesota law. Am. Compl. ¶¶ 1, 8, 15. Minnesota's Legislature has provided that persons convicted of certain sexual offenses must be sentenced to a mandatory ten-year or lifetime term of conditional release, depending on the circumstances of the conviction. *See* Minn. Stat. § 609.3455, subds. 6–7. Minnesota law further requires that persons convicted of sexual offenses register with the State and regularly provide information regarding residences, work location, vehicles owned, and so on; failure to register or provide accurate information is itself a criminal offense. Minn. Stat. § 243.166; *see* Am. Compl. ¶¶ 22–26.

The defendants have submitted public records concerning Mr. Dunker's civil commitment and criminal convictions, which provide more detail than the Amended Complaint.[1] Mr. Dunker has been convicted of three offenses that require him to register as a predatory offender under Minn. Stat. § 243.166. Aff. of Angela Kiese ("Kiese Aff."), Exs. 2–4, ECF No. 20. Civil commitment proceedings were filed against him in November of 2016, and he was ordered committed to MSOP on October 13, 2017. Kiese Aff., Exs. 1, 5. He is required to register as a sex offender for the remainder of his life. Minn. Stat. § 243.166, subds. 6(d)(1), 6(d)(4).

Mr. Dunker's 1998 conviction resulted in a sentence of 29 years and 4 months, followed by an additional 10-year conditional release period. Kiese Aff., Ex. 2 at 1, 4. "On June 12, 2017, the [Minnesota Department of Corrections] released Dunker to MSOP on the hold in [the civil commitment] case." Kiese Aff., Ex. 1 ¶ 476. Mr. Dunker and the defendants agree that if he violates terms of his conditional release, he could be

---

[1] These public records are properly before the Court for purposes of considering the motion to dismiss. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint.") (internal quotation marks omitted).

2

required to serve the remainder of his conditional-release term in custody. Am. Compl. ¶ 4(c); Defs.' Mem. at 16, ECF No. 15.

Mr. Dunker challenges the legality of the conditional-release and registration statutes on several grounds. He asserts that the requirement that he register as a sex offender violates "The Bane Act" because he is threatened, intimidated, and coerced into registering by the possibility of being sent back to prison if he does not comply. Am. Compl. ¶¶ 35–36, 57. Mr. Dunker asserts restrictions were imposed upon him by the conditional-release statute without giving him the due process guaranteed by the Constitution. Am. Compl. ¶ 48, 52–53. Mr. Dunker claims that the predatory offender registration statute is unconstitutional because it punishes him directly and because it indirectly prevents him from obtaining housing, a job, education opportunities, and more. Am. Compl. ¶¶ 39, 55. He also claims that the defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures and his Fifth Amendment right to equal protection. Am. Compl. ¶¶ 61(a), (b), (c), & (e). Mr. Dunker asks the Court to provide declaratory and injunctive relief, including preventing "Defendants from further use of the Conditional Release and Registration Statutes until further ordered by this Court." Am. Compl., Prayer for Relied ¶¶ A–D.

## II.     Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 500 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and must construe all reasonable inferences in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But the Court need not accept as true any wholly conclusory allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d

799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction. Sovereign immunity implicates the Court's subject-matter jurisdiction, and where it applies, "the proper remedy is dismissal without prejudice." *Becerra v. Fabian*, No. 08-cv-5511 (JMR/JJG), 2009 WL 799609, at *5 (D. Minn. Mar. 24, 2009). The Defendants' jurisdictional motion is based solely on the allegations in the Complaint, raising a facial challenge. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When assessing a facial challenge to jurisdiction, the factual allegations in the Complaint that concern subject-matter jurisdiction are presumed to be true. *Id.*; *see also Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides states immunity from suits brought in federal courts. *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388 (D. Minn. 1985) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984)). Although § 1983 allows a suit against an individual state official acting under color of state law, the statute does not permit a plaintiff to recover damages from the state. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("[The] § 1983 damages claims against the seven individual defendants acting in their official capacities are … barred … by the Eleventh Amendment….").

Because Mr. Dunker is not a lawyer and is representing himself, the Court construes his pleadings and other written submissions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawers….") (cleaned up). Construing pleadings liberally means that "if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Hazley v. Roy*, 378 F. Supp. 3d 751 (D. Minn. 2019)

4

(internal quotation marks omitted). "However, even under this liberal standard, a pro se complaint must contain specific facts in support of the claims it advances." *Id.* (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).

### III. The Bane Act

Mr. Dunker's assertion that the defendants have violated "the Bane Act" appears to be a reference to a California state statute with the following name: the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. This statute provides that an individual whose federal constitutional rights are interfered with by another "may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, … injunctive relief, and other appropriate equitable…." *Id.*, § 52.1(c). However, the Bane Act "has no application to this case, in which a civilly committed person in Minnesota detained pursuant to Minnesota laws, seeks relief from Minnesota government officials," and Mr. Dunker has therefore failed to state a claim for relief under 42 U.S.C. § 1983 for a violation of the California law. *Semler v. Johnston*, No. 17-cv-2822 (ECT/LIB), 2019 WL 5854039, at *2 (D. Minn. Nov. 8, 2019) (listing seven other recent decisions rejecting identical Bane Act claims for failure to state a claim).

### IV. Constitutional Claims

As noted, Mr. Dunker asserts several constitutional claims, including that the Defendants violated his Fourteenth Amendment due process rights, his Fourteenth Amendment right to equal protection of the laws, and his Fourth Amendment right to be free from unreasonable searches and seizures. The Court finds that Mr. Dunker has failed to state a claim under any of these constitutional provisions and recommends that his Amended Complaint be dismissed.[2]

---

[2] The Court notes that the Defendants have raised several additional arguments in support of dismissal that have not been addressed in this report and recommendation. The Court finds it unnecessary to consider those alternative rationales because dismissal is warranted for the reasons discussed below.

### A.    Substantive Due Process

To the extent Mr. Dunker claims that Minnesota's sex-offender registration requirement violates his substantive due process rights, the Court disagrees. A substantive due process claims requires Mr. Dunker to show that

> the registration statute implicates a fundamental right. If the statute implicates a fundamental right, the state must show a legitimate and compelling governmental interest for interfering with that right…. If the statute does not implicate a fundamental right, we apply a less exacting standard of review under which the statute will stand as long as it is rationally related to a legitimate governmental purpose.

*Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003). In *Gunderson*, the Court concluded that Minn. Stat. § 243.166 does not implicate a fundamental right because it is "nonpunitive in nature," and that the statute is rationally related to a legitimate governmental purpose of ensuring that all predatory offenders are included in registration rolls. *Id.* at 643–44. Following *Gunderson*, this Court concludes that Mr. Dunker has failed to state a claim for violation of his substantive due process rights related to the registration statute.

With respect to the terms of Mr. Dunker's conditional release, the Court concludes that he has failed to state a claim. Mr. Dunker seems to argue that it was improper to impose the terms of his conditional release without a separate indictment or a charge. He indicates that the conditional release statute is unconstitutional as applied to him. Am. Compl. ¶ 2. However, Minn. Stat. § 609.3455, subd. 6, requires a ten-year term of conditional release to be imposed as a consequence of being sentenced to prison for violating Minnesota's first degree criminal sexual conduct law. Minn. Stat. § 609.3455, subd. 6 (including violations of Minn. Stat. § 609.342 (first degree criminal sexual conduct) among list of qualifying offenses). "To prevail on an as-applied substantive due process claim, [a person] must show both that the state officials' conduct is conscience-shocking and that it violated a fundamental right…." *Van Orden v. Stringer*, 937 F.3d 1162, 1167 (8th Cir. 2019). Mr. Dunker's allegations simply do not satisfy this high threshold. His Amended Complaint merely alleges that the state officials he has named as defendants are complying with the requirements of Minnesota law, which, in turn, require

him to comply with the terms of his conditional release. This is not official conduct that is "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)).

For these reasons, Mr. Dunker's substantive due process claims should be dismissed.

### B. Procedural Due Process

To the extent Mr. Dunker claims that Minnesota's sex-offender registration requirement violates his procedural due process rights, the Court finds that he has failed to state a claim. The Court conducts a two-part inquiry in evaluating a procedural due process claim. First, the Court considers whether a plaintiff has alleged sufficient facts to establish the existence of a protected liberty or property interest that has been interfered with by the government. Second, if a liberty or property interest is implicated, the Court asks whether the plaintiff has alleged facts showing that the procedures used to interfere with that interest were constitutionally adequate. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

In *Gunderson*, the Eighth Circuit rejected a procedural due process challenge to Minnesota's sex offender registration requirements. Mr. Gunderson was originally charged with first-degree criminal sexual conduct, but ultimately pleaded guilty to third-degree assault. 339 F.3d at 641. After he violated the terms of his probation, he was sent to prison and told he would have to register as a predatory offender under § 243.166. *Id.* at 641–42. Like Mr. Dunker, Gunderson claimed that his procedural due process rights were violated because the registration requirement damaged his reputation. *Id.* at 644. The court rejected that argument, noting that "[d]amage to reputation … is not sufficient to invoke the procedural protections of the due process clause," and finding that Gunderson failed to satisfy the so-called "stigma plus" test because § 243.166 imposed only a "minimal" burden on him. *Id.* at 644–45. Minnesota's registration statute "does not provide for the public dissemination of [a person's] registration." Instead, it initially requires a person to "provide his fingerprints, a photograph, and information about his whereabouts," and the "only ongoing obligation is to update his address information." *Id.*

7

Accordingly, the court concluded that Gunderson did not identify a property interest sufficient to raise a procedural due process claim. *Id.* at 645.

Mr. Dunker alleges that Minnesota's sex-offender registration statute "promotes deterrence much like incarceration and probation; the prospect of being labeled a sex offender accompanied by registration requirements and the public dissemination of personal information on the internet will deter the commission of sex offenses." Am. Compl. ¶ 39. This allegation of public dissemination of personal information arguably distinguishes this case from *Gunderson*, which based its finding that no liberty interest was alleged, in part, on the fact that § 243.166 did not provide for such publication. However, even if this assertion were sufficient to allege interference with a constitutionally protected liberty interest, the Amended Complaint still fails to state a procedural due process claim. In *Connecticut v. Doe*, the Supreme Court held that Connecticut's sex offender registration statute, which required the posting of sex offender registration information on a publicly available internet site, did not violate due process. 538 U.S. 1, 4–5, 7 (2003). Connecticut's law only imposed the registration requirements as a result of a sex offender's criminal conviction. The Supreme Court found no violation of due process because the plaintiffs "already had a procedurally safeguarded opportunity to contest" the criminal charges that led to the registration requirements. *Id.* at 7. Minnesota's registration requirements under § 243.166 similarly flow from an offender's criminal convictions or civil commitment, both of which follow proceedings that include significant procedural safeguards. The Amended Complaint does not allege that Mr. Dunker was deprived of procedural due process in either his criminal cases or in his civil commitment proceedings. Accordingly, the Court concludes that he has failed to state a procedural due process claim.

Similarly, the Court finds that Mr. Dunker fails to state a claim for violation of his procedural due process rights based on the imposition of a term of conditional release as a result of his conviction for first degree criminal sexual conduct. The Amended Complaint does not allege that the defendants deprived him of any constitutionally adequate procedures during the 1998 criminal proceedings that led to the imposition of the conditional release term. *See Perseke v. Schnell*, Case No. 19-cv-0443 (ECT/HB), 2019 WL 5150092, at *2 (D. Minn. June 17, 2019) (rejecting an identical procedural due

8

process claim and noting that under 28 U.S.C. § 2244(d), "it would in any event be far too late for Perseke to seek to have his criminal conviction invalidated").

For these reasons, the Court concludes that Mr. Dunker's procedural due process claims should be dismissed pursuant to Rule 12(b)(6).

### C. Equal Protection

A plaintiff asserting an equal-protection claim must allege facts to show that he has been treated differently than similarly situated individuals and that the different treatment was because of his membership in a protected group. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008); *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000). In equal-protection analysis, courts focus on the challenged government action and the degree to which the groups are similarly situated for the purpose of that action. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).

Mr. Dunker's Amended Complaint does not allege that he was treated differently than anyone else who was similarly situated to him. Nor has he alleged any facts suggesting that he has been required to register as a predatory offender or received a term of conditional release as a result of an unlawful intent to discriminate. He has offered only the conclusory assertion that he was "injured as a direct and proximate result of deprivations of his constitutional rights [including] to be free from the denial of Equal protection of the Law without due process." Am. Compl. ¶ 61(c). This is insufficient to state an equal protection claim, and such a claim should be dismissed pursuant to Rule 12(b)(6).

### D. Fourth Amendment

Finally, the Court concludes that Mr. Dunker's Fourth Amendment claim should be dismissed pursuant to Rule 12(b)(6). The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons to be seized.

U.S. Const., amend IV. The Court notes that the Supreme Court has held that people convicted of crimes who have been conditionally released or paroled, have diminished privacy expectations. *Samson v. California*, 547 U.S. 843, 844 (2006). Similarly, a person who is involuntarily committed is subject to diminished Fourth Amendment privacy rights. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1028 (8th Cir. 2012) (comparing Fourth Amendment rights of MSOP detainees to those retained by pretrial detainees).

Mr. Dunker claims that he has been subjected to "unreasonable searches and seizures … *(i.e., requirement of registration as a predatory sex offender, being photographed for registration and notification purposes, being subjected to Intensive Supervised Release (ISR); being subjected to random searches of their houses, papers and affects)*[.]" Am. Compl. ¶ 61(a) (italics in original). One of the conditions of Mr. Dunker's release appears to be that he must "submit at any time to an unannounced visit/and/or search of the offender's person, vehicle or premises by the agent/designee." Am. Compl. at p.16.

These allegations are not sufficient to state a claim for violation of his Fourth Amendment rights. With respect to the random searches claim, Mr. Dunker has not alleged any specific facts indicating that any of the defendants have searched him or any of his belongings pursuant to the statutory provisions he challenges. This is fatal to Mr. Dunker's claim that the defendants engaged in an unreasonable search.

Regarding the claim that he has been required to be photographed for registration and notification purposes, if the claim is analyzed as that of a pretrial detainee, "courts must consider (1) the justification for initiating the search, (2) the scope of the particular intrusion, (3) the place in which the search is conducted, and (4) the manner in which it is conducted." *See Schmidt v. City of Bella Vista*, 557 F.3d 564, 572–74 (8th Cir. 2009) (rejecting arrestee's Fourth Amendment claim where officer required her to unbutton and partially remove jeans to reveal a tattoo so a photograph could be taken for identifying purposes). Mr. Dunker does not allege that any photographs were taken of him in a particularly intrusive way, in a questionable location, or in a manner that was objectively unreasonable. His claim on this issue is insufficient to implicate the Fourth Amendment.

10

For these reasons, the Court concludes that Mr. Dunker's Fourth Amendment claims should be dismissed.

## V. Recommendation

Based on the discussion above, **IT IS HEREBY RECOMMENDED THAT**:

1. The Defendants' motion to dismiss **(ECF No. 14)** be **GRANTED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: December 4, 2019

          *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.
Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).
**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.